UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL RESTO-OTERO,

                        Plaintiff,

      v.                                           9:17-cv-1115
                                                   (GLS/ML)

IMAM MOHAMMAD,

                        Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

MICHAEL RESTO-OTERO
Plaintiff Pro Se
10-B-1849
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. LETITIA JAMES                       DAVID A. ROSENBERG
New York Attorney General              Assistant Attorney General
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Michael Resto-Otero commenced this civil rights action pro se in October, 2017, asserting claims pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, arising out of his confinement at Clinton Correctional Facility. By Decision and Order filed December 22, 2017, the Court dismissed certain of plaintiff's claims and defendants, and directed service upon the sole remaining

defendant, Imam Mohammad. Dkt. No. 12.

Following the completion of service, counsel for defendant Mohammad filed a pre-answer motion to dismiss, which was denied by this Court on November 5, 2018. *See* Dkt. No. 21 ("Motion to Dismiss"); Dkt. No. 27 ("November 2018 Order"). Thereafter, defendant Mohammad answered the complaint, and a Mandatory Pretrial Discovery and Scheduling Order was issued. Dkt. No. 28 ("Answer"); Dkt. No. 29 ("Scheduling Order").

Discovery closed on May 19, 2019. *See* Scheduling Order. On August 16, 2019, defendant Mohammad filed a motion for summary judgment. Dkt. No. 40. Instead of responding to the motion for summary judgment, plaintiff filed a letter motion to voluntarily dismiss this action, wherein he states, in pertinent part:

> I am currently unable, do to various reasons, to pursue this matter. I would respectfully ask the Court at this time to withdraw suit. I would also respectfully request to be informed if there are any other papers, documents, etc. to complete this withdrawal.

Dkt. No. 42 at 1. Plaintiff does not state whether he wishes the dismissal to be with or without prejudice. Defendant does not oppose the motion, provided the Court dismisses the action with prejudice. Dkt. No. 43.

**II.     DISCUSSION**

Rule 41(a) of the Federal Rules of Civil Procedure provides that after an answer or motion for summary judgment has been filed, an action shall not be dismissed at the plaintiff's request except where all parties agree to a stipulation of dismissal, or upon order of the court. *See* Fed. R. Civ. P. 41(a)(1)(B); 41(a)(2). The Rule further provides that, unless the stipulation or order states otherwise, the dismissal is without prejudice. *Id*. The decision whether to grant a

2

Rule 41(a) motion for voluntary dismissal lies within the sound discretion of the court, *see Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001), and is to be ordered "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[1]

In light of the defendant's opposition to the dismissal of this action without prejudice, this Court must consider whether granting plaintiff's request for dismissal **without prejudice** would be improper. In this regard, the Second Circuit has explained that:

> Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849 (1947); *see Jones v. SEC*, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015 (1936). Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Camilli v. Grimes,* 436 F.3d 120, 123 (2d Cir. 2006) (citing *D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir. 1996); *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990)).

There is no suggestion in this case that the defendant would suffer "plain legal prejudice" if this action was dismissed without prejudice. As the Second Circuit has stated, "[w]hen the Supreme Court identified 'plain legal prejudice' to a defendant as a circumstance that would defeat dismissal of a plaintiff's suit without prejudice, . . . the Court was concerned about the

---

[1] In *Banco Central de Paraguay v. Paraguay Humanitarian Foundation, Inc.,* No. 01-CV-9649, 2006 WL 3456521 (S.D.N.Y. Nov. 30, 2006), the court explained, "[a]lthough voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Id.* at \*6 (citations omitted).

3

plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." *Camilli*, 436 F.3d at 124. As noted, the mere prospect of a second lawsuit is not enough to demonstrate legal prejudice. *See Tierney v. Constellation Energy Group, Inc.*, No. 5:06-CV-220 (NAM/GHL), 2007 WL 4246301, at *2 (N.D.N.Y. Nov. 28, 2007). Thus, dismissal without prejudice would not be improper.

However, consideration of the *Zagano* factors leads the Court to conclude that the requested dismissal without prejudice would be improper. More specifically, although defendant does not suggest that the plaintiff unduly delayed in filing the motion, the fact that plaintiff waited until the late stages of this action, after discovery was complete and a summary judgment motion was filed, certainly tips the scale towards requiring a dismissal with prejudice.

In addition, while the second *Zagano* factor is neutral because there is no evidence of vexatiousness on plaintiff's part (and therefore has no bearing on whether dismissal should be with or without prejudice), the third *Zagano* factor also favors dismissal with prejudice. Indeed, it appears that the defendant has expended considerable time and money to date defending this action, having filed a pre-answer motion to dismiss, served at least initial disclosures, and prepared an extensive motion for summary judgment. *See George v. Prof'l Disbosables Int'l, Inc.*, No. 15-CV-3385, 2017 WL 1740395, at *2-4 (S.D.N.Y. May 2, 2017) (denying motion to voluntarily dismiss without prejudice and notifying plaintiff of intent to convert the motion to dismiss without prejudice into one with prejudice where plaintiff, among other things, filed his motion after discovery closed and defendants moved for summary judgment); *Paulino v. Taylor*, No. 15-CV-5869, 2017 WL 1080081, at *3 (S.D.N.Y. Mar. 15, 2017) ("The standard for

4

concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred."); *Bosco v. United States*, No. 14-CV-3525, 2016 WL 5376205, at *15 (S.D.N.Y. Sept. 26, 2016) (converting Rule 41(a)(2) motion and dismissing with prejudice where plaintiff, "[b]y seeking to withdraw these claims in opposition to summary judgment, . . . ha[d] evinced his judgment that he c[ould] [not] prove the claims"); *cf. Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) (denying a plaintiff's motion to dismiss without prejudice because, inter alia, "[d]iscovery has concluded, and defendant has brought on a motion for summary judgment, to which plaintiff has made a patently inadequate response and which is sub judice").

Furthermore, the fourth and fifth factors also favor dismissal with prejudice because there will undoubtedly be some additional expense associated with relitigation, even if minimal, and plaintiff has failed to offer any clear explanation for wanting to discontinue the action at this juncture.

Because plaintiff has not indicated whether he wishes this action dismissed "with" or "without" prejudice, the Court assumes that he intended a dismissal without prejudice. The Second Circuit has stated that a "district judge may convert a dismissal sought to be entered without prejudice to one with prejudice." *Gravatt v. Columbia University*, 845 F.2d 54, 56 (2d Cir. 1988). In that instance, the Second Circuit instructs "that fundamental fairness requires interpreting Rule 41(a)(2) to afford the plaintiff an opportunity to withdraw his motion and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice." *Gravatt*, 845 F.2d at 56 (citing *Andes v. Versant Corp.*, 788

5

F.2d 1033, 1037 (4th Cir. 1986)).

In light of the foregoing, the Court hereby advises plaintiff that this action will be dismissed **with prejudice** pursuant to his request to discontinue this action **unless** plaintiff notifies the Court and the defendant, **within twenty (20) days** from the filing date of this Decision and Order, that plaintiff objects to the dismissal **with prejudice**. If, after twenty days, plaintiff does not object to the dismissal of this action with prejudice, plaintiff's motion for voluntary dismissal of this action will be granted, and this action will be dismissed **with prejudice**, without further order of this Court.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED with prejudice UNLESS**, within **TWENTY (20) DAYS** from the date of this Decision and Order, plaintiff files a written objection to the dismissal with prejudice. The Clerk shall retain plaintiff's motion to voluntarily dismiss this action (Dkt. No. 42) for **twenty (20) days** from the filing date of this Decision and Order. If plaintiff does not file an objection to dismissal of this action **with prejudice** within twenty days, the following will occur: (1) plaintiff's motion to voluntarily dismiss this action (Dkt. No. 42) will be granted and the action will be dismissed **with prejudice**; (2) the Clerk will enter Judgment dismissing this action **with prejudice**, without further Order of this Court, and close this case; and (3) defendant's motion for summary judgment (Dkt. No. 40) will be denied as moot; and it is further

**ORDERED** that, if plaintiff files an objection to the dismissal of this action **with**

**prejudice** within the required time period, the Clerk shall return the file to this Court for further review; and it is further

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

September 19, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge